IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE GOODMAN and<br>GOODMAN PROPERTIES, LLC<br>      Plaintiffs,<br><br>      v.<br><br>STEVEN DURST,<br>      Defendant. | CIVIL ACTION<br><br>No. _____ |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant, Steven Durst, hereby files this Notice of Removal of a civil action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. Removal is pursuant to 28 U.S.C. §1441(a) and §1446. Grounds for removal are particularly stated as follows:

1. This action was commenced on or about July 30, 2010 by means of a Complaint filed in the Court of Common Pleas of Montgomery County, Pennsylvania, docketed at Civil Division, No. 10-21254.

2. There exists complete diversity of citizenship in this action. Plaintiff, Bruce A. Goodman, is a citizen of Pennsylvania; and, as pleaded in the Complaint, the other plaintiff, Goodman Management, LLC, is a Pennsylvania limited liability company, with a place of business in Pennsylvania. The defendant, Steven Durst, is a citizen of the State of New Jersey.

3. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, according to the Complaint, which seeks judgment against Mr. Durst in the amount of $608,593.20. Furthermore, Plaintiff's "unjust enrichment" claim against Mr. Durst places at issue the inequity of Mr. Goodman's wrongful and unjust termination of Mr. Durst in violation of public policy, after Mr. Durst opposed Mr. Goodman's sexual harassment and other misconduct against female employees at Goodman Properties. As such, Plaintiffs' "unjust enrichment" claim otherwise implicates the substantial inequity and harm caused to Mr. Durst which more than exceeds the amounts by which he is claimed to have been "enriched", well in excess of the jurisdictional amount in controversy for diversity jurisdiction.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

5. Removal to this Court is proper under 28 U.S.C. § 1441(b). The defendant is not a citizen of Pennsylvania, the state in which the action was brought.

6. This Notice of Removal is being timely filed within thirty (30) days after obtaining a copy of the initial pleading in this action. The defendant learned only yesterday, August 9, 2010, of the fact that it was filed, and obtained a copy independently from Plaintiffs. A copy of this pleading, *i.e.* the Complaint filed in the state court, is attached hereto as Exhibit "1".

7. Neither the Complaint nor any other form of process has been lawfully served upon the defendant. The defendant, by the act of filing this Notice of Removal, does not waive, and to the contrary he expressly preserves, all defenses and objections he has or may have, including his defense and objection that that there has not been any

service of any summons or complaint upon him, and that the Montgomery County Court of Common Pleas did not acquire jurisdiction over his person for this action.

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

OF COUNSEL:

ELLIOTT GREENLEAF

/s/ Frederick P. Santarelli
FREDERICK P. SANTARELLI
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422
(215) 977-1000

Counsel for Defendant,
Steven Durst

Dated: August 10, 2010

EXHIBIT "1"

(Page 1 of 8)

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
**MONTGOMERY County**

*For Prothonotary Use Only:*

Docket No: 10-21254

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction

**Lead Plaintiff's Name:** Bruce A. Goodman, et al and Goodman et al

**Lead Defendant's Name:** Steven Durst

☐ Check here if you are a Self-Represented (Pro Se) Litigant

**Name of Plaintiff/Appellant's Attorney:** Robert J. Kerns, & Stephen M. Hladik

Are money damages requested?: ☒ Yes  ☐ No

**Dollar Amount Requested:** (Check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

Is this a *Class Action Suit*?  ☐ Yes  ☒ No

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABILITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☒ Employment Dispute: Other
- ☒ Other: Breach of Contract

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Pa.R.C.P. 205.5

2/2010

| | |
|---|---|
| Robert J. Kerns, Esquire<br>Attorney I.D. No. 16643<br>Stephen M. Hladik, Esquire<br>Attorney I.D. No. 66287<br>Kerns, Pearlstine, Onorato & Hladik, LLP<br>298 Wissahickon Avenue<br>P.O. Box 1489<br>North Wales, PA 19454-1489<br>215 855 9521<br>(F) 215 855 9121 | Attorneys for Plaintiff |

| | |
|---|---|
| BRUCE A. GOODMAN, Individually and<br>Trading as GOODMAN PROPERTIES,<br>636 Old York Road<br>Jenkintown, PA 19046, and<br><br>GOODMAN MANAGEMENT, LLC<br>636 Old York Road<br>Jenkintown, PA 19046,<br>    *Plaintiffs,*<br><br>    vs.<br><br>STEVEN DURST,<br>23 Oakwood Drive<br>Medford, NJ 08055,<br>    *Defendant.* | IN THE COURT OF COMMON<br>PLEAS OF MONTGOMERY COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION -- LAW<br><br><br><br>NO. 2010- 21254 |

## NOTICE

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFFS. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MONTGOMERY BAR ASSOCIATION
100 WEST AIRY STREET, P.O. BOX 268
NORRISTOWN, PA 19404-0268
610-279-9660

NOTICIA

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LADEMANDA Y LA NOTIFICACION. USTED DEBE PRESENTAR UNA APARIENCIAESCRITA O EN PERSONA O POR ABOGADO Y ARCHIVAR EN LA CORTE ENFORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS ENCONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE ENTRAR UNA ORDEN CONTRA USTED SINPREVIO AVISO O NOTIFICACION Y POR CUALQUIER QUEJA O ALIVIO QUE ESPEDIDO EN LA PETICION DE DEMANDA. USTED PUEDE PERDER DINERO OSUS PROPIEDADES O OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIONSE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDECONSEGUIR ASISTENCIA LEGAL.

MONTGOMERY BAR ASSOCIATION
100 WEST AIRY STREET, P.O. BOX 268
NORRISTOWN, PA 19404-0268
610-279-9660

| | |
|---|---|
| Robert J. Kerns, Esquire<br>Attorney I.D. No. 16643<br>Stephen M. Hladik, Esquire<br>Attorney I.D. No. 66287<br>Kerns, Pearlstine, Onorato & Hladik, LLP<br>298 Wissahickon Avenue<br>P.O. Box 1489<br>North Wales, PA  19454-1489<br>215 855 9521<br>(F) 215 855 9121 | Attorneys for Plaintiff<br><br>2010-21254-0000<br>7 30 2010 4:02:04 PM<br>Complaint Civil Action<br>Receipt = 2010-6-0201   Fee   $251.00<br>Mark Levy - Montgomery County Prothonotary |

| | |
|---|---|
| BRUCE A. GOODMAN, Individually and<br>Trading as GOODMAN PROPERTIES,<br>636 Old York Road<br>Jenkintown, PA 19046, and<br><br>GOODMAN MANAGEMENT, LLC<br>636 Old York Road<br>Jenkintown, PA 19046,<br>   *Plaintiffs*,<br><br>vs.<br><br>STEVEN DURST,<br>23 Oakwood Drive<br>Medford, NJ 08055,<br>   *Defendant*. | IN THE COURT OF COMMON<br>PLEAS OF MONTGOMERY COUNTY,<br>PENNSYLVANIA<br><br>CIVIL ACTION -- LAW<br><br><br><br>NO. 2010- 21254 |

## COMPLAINT

Plaintiffs, Bruce Goodman, individually and trading as Goodman Properties, and Goodman Management, LLC, by and through their undersigned counsel, hereby complain against Defendant as follows:

### PARTIES

1.  Plaintiff, Bruce Goodman ("Goodman"), individually and trading as Goodman Properties, is an adult individual with a business address located at 636 Old York Road, Jenkintown, Montgomery County, PA  19046.

2. Goodman Management, LLC ("Goodman Management," and collectively with Goodman, "Plaintiffs"), is a Pennsylvania limited liability company, with a business address located at 636 old York Road, Jenkintown, Montgomery County, PA 19046. Goodman is the principal of Goodman Management.

3. Defendant, Steven Durst ("Durst"), is an adult individual, with an address located at 23 Oakwood Drive, Medford, NJ 08055.

## BACKGROUND

4. Pursuant to an oral compensation agreement between Goodman Management and Durst, Durst was to receive certain compensation in the form of basic compensation, additional compensation and commissions for acquisition fees.

5. Durst remained in the employ of Goodman Management until June 30, 2010.

6. Upon a review of the records to ascertain the compensation to which Durst was entitled during the course of his employ, Goodman and Goodman Management have determined that Durst was over paid by the sum of $530,917.00.

7. In addition, Goodman and/or Goodman Management advanced certain expenses, which, pursuant to the employment agreement, were reimbursable to Plaintiffs. Defendant's portion of expenses subject to reimbursement were $77,676.20.

8. Accordingly, Durst owes the total sum of $608,593.20 back to Plaintiffs.

## COUNT I

## BREACH OF CONTRACT

9. Goodman incorporates by reference the allegations of paragraphs one through 8 as though set forth at length herein.

Case 2:10-cv-03980-EL   Document 1   Filed 08/10/10   Page 10 of 13

(Page 6 of 8)

10. In violation of the terms of an oral compensation agreement, Durst accepted payments from Goodman Management in the amount of $530,917.00 which were over and above that to which he was entitled. In addition, Durst failed to reimburse Plaintiffs in the amount of $77,676.20 for expenses.

11. Such acceptance of funds to which Durst was not otherwise entitled constitutes a breach of the Compensation Agreement.

12. Despite demand, Durst has failed and continues to fail to reimburse Plaintiffs these sums that are owing, requiring Plaintiffs to seek the intervention of this Court.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendant in the amount of $608,593.20, plus applicable interest, attorneys' fees and costs.

## COUNT II

### UNJUST ENRICHMENT

13. Goodman incorporates by reference the allegations of paragraphs one through 12 as though set forth at length herein.

14. Durst has accepted sums to which he is not otherwise entitled under the oral compensation agreement.

15. Goodman has conferred this benefit upon him, and it would be inequitable for Durst to retain the sums.

16. Accordingly, Plaintiffs seek judgment in the amount of $608,593.20 as set forth above.

**WHEREFORE**, Plaintiffs demand judgment in their favor in the amount of $608,593.20, plus applicable interest, attorneys' fees and costs.

Respectfully submitted,

Date: 7-30-10

Stephen M. Hladik, Esquire
Attorney I.D. 66287
Robert J. Kerns, Esquire
Attorney I.D. 16643
**Kerns, Pearlstine, Onorato & Hladik, LLP**
298 Wissahickon Avenue
Upper Gwynedd, PA 19454
215-855-9521

## VERIFICATION

Stephen M. Hladik, Esquire, hereby states that he is the attorney for Plaintiffs in this action; that he is authorized to and does take this Verification on behalf of said Plaintiffs; and that the statements made in the foregoing action are true and correct to the best of his knowledge, information and belief. Counsel has been unable to obtain the Plaintiffs verification at this time, which verification, when received, shall be substituted in place and in stead of this verification.

The undersigned understands that the statements herein are made subject to the penalties of 18 PA. C.S. §4904, relating to unsworn falsification to authorities.

Date: 7-30-10

Stephen M. Hladik, Esquire
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a copy of the foregoing is being served upon the following and in the manner indicated below:

**Via U.S. Postal Service, first class mail, postage prepaid**:

>Robert J. Kerns, Esquire
>Stephen M. Hladik, Esquire
>Kerns, Pearlstine, Onorato & Hladik, LLP
>298 Wissahickon Avenue
>P. O. Box 1489
>North Wales, PA 19454-1489

/s/ Frederick P. Santarelli
FREDERICK P. SANTARELLI

DATED:    August 10, 2010